UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDRA PHELPS, | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-08555 |
| ILLINOIS BONE AND JOINT INSTITUTE, LLC, | Judge Martha M. Pacold |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Defendant Illinois Bone and Joint Institute, LLC's motion to dismiss, [14], is granted. The complaint, [1], is dismissed without prejudice for lack of subject-matter jurisdiction.

**STATEMENT**

Defendant Illinois Bone and Joint Institute, LLC (IBJI) is a medical company that provides healthcare services. [1] ¶ 11.[1] (The complaint does not specify the type of healthcare services IBJI provides.) IBJI's patients were required to provide various pieces of sensitive information to IBJI, including their names, dates of birth, and Social Security numbers. *Id.* ¶ 12. On August 30, 2024, IBJI sent a data breach notification letter to its patients—including plaintiff Alexandra Phelps. *Id.* ¶ 4. According to the letter, on July 4, 2024, IBJI "detected unauthorized access to certain computer systems on the IBJI network." *Id.* at 43 (photograph of letter received by plaintiff).

Shortly after receiving the letter, Phelps filed this lawsuit on behalf of herself and a putative class of "[a]ll individuals whose [personally identifying information and personal health information] was contained on the files obtained by unauthorized third parties in the Data Breach." *Id.* ¶ 81. Her complaint alleges negligence, negligence per se, breach of implied contract, and violation of the Illinois Personal Information Protection Act, 815 ILCS 530/1 *et seq.*

IBJI moved to dismiss the complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Because

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph number citations. Page numbers refer to the CM/ECF page number.

"[f]ederal courts must determine that they have jurisdiction before proceeding to the merits," *Lance v. Coffman*, 549 U.S. 437, 439 (2007), the court begins with subject-matter jurisdiction.

"The district courts of the United States are courts of limited jurisdiction." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). Our jurisdiction is "[l]imited first by the Constitution, to only the kinds of 'Cases' and 'Controversies' listed in Article III." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). And it is "limited as well by statute." *Id.*; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[Federal courts] possess only that power authorized by Constitution and statute.").

Here, IBJI makes both constitutional and statutory arguments. Specifically, IBJI argues that (1) Phelps lacks Article III standing, and (2) the diversity jurisdiction statute, 28 U.S.C. § 1332, does not authorize this court to exercise jurisdiction. The court "can address jurisdictional issues in any order [it] choose[s]." *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 4 (2023). For two reasons, the court begins (and ends) with the statutory issue. First, "standing is a constitutional requirement," *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1152 (7th Cir. 2020), and "federal courts are supposed to do what they can to avoid making constitutional decisions, and strive doubly to avoid making unnecessary constitutional decisions," *ISI Int'l, Inc.*, 256 F.3d 548, 552 (7th Cir. 2001). Second, on the facts of this case, statutory jurisdiction "is easy and standing is hard." *Acheson Hotels*, 601 U.S. at 4. Similar standing issues have divided courts in this district. *See In re Mondelez Data Breach Litig.*, Nos. 23 C 3999, 23 C 4249, 2024 WL 2817489, at *3 (N.D. Ill. June 3, 2024) (collecting cases). By contrast, the statutory question is straightforward, as explained below.

In her complaint, Phelps invoked jurisdiction under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d), which "'substantially' expands 'federal court jurisdiction over class actions,'" *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 583 (7th Cir. 2017) (quoting *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 681 (7th Cir. 2006)). [1] ¶ 9. In its motion to dismiss, IBJI argued that the court should decline jurisdiction under CAFA's "home-state exception," 28 U.S.C. § 1332(d)(4)(B). [14] at 19–21. Apparently conceding this point, Phelps's response brief did not defend the complaint's invocation of jurisdiction under CAFA. Accordingly, the court need not decide whether IBJI's argument was correct, as Phelps has forfeited CAFA as a potential basis for subject-matter jurisdiction. *See California v. Texas*, 593 U.S. 659, 674 (2021) (declining to address a theory of standing that "was not directly argued by the plaintiffs"); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 434 n.6 (2021) (finding theory of standing "forfeited"); *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss.").

Instead, Phelps's response brief argued that she could instead invoke jurisdiction under the general diversity statute, 28 U.S.C. § 1332(a). [20] at 10. IBJI argues that Phelps's shift is an improper attempt to amend her complaint via her motion papers, [21] at 7, but this argument is not persuasive. Under Federal Rule of Civil Procedure 8(a)(1), a complaint "must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). This "short and plain statement" language tracks the parallel language in Rule 8(a)(2), which the Supreme Court has explained does not permit "dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). Because the same pleading standards apply to jurisdictional allegations as to the complaint's substantive allegations, *see Silha v. ACT, Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015), a complaint's imperfect statement of the legal theory supporting jurisdiction does not itself defeat jurisdiction. Raising the argument in response to a motion to dismiss is sufficient to avoid forfeiture.

However, Phelps's attempt to invoke the general diversity statute fails on the merits. The general diversity statute "grants jurisdiction when [1] there is complete diversity of citizenship between the parties and [2] the amount in controversy exceeds $75,000, exclusive of interest and costs." *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 856 (7th Cir. 2018). Although IBJI argues that Phelps has not adequately established her own citizenship, the court need not resolve that question because the record contains no indication of IBJI's citizenship.

According to the complaint, IBJI is a limited liability company (LLC). [1] ¶ 8. For purposes of CAFA jurisdiction, an LLC is "a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see City of East St. Louis v. Netflix, Inc.*, 83 F.4th 1066, 1071 (7th Cir. 2023) (applying § 1332(d)(10) to an LLC). Perhaps for that reason, the complaint alleges only that IBJI is "organized under Illinois law with its principal place of business in Cook County, Illinois." [1] ¶ 8. That may be sufficient to allege IBJI's citizenship for purposes of CAFA jurisdiction. But as discussed above, Phelps no longer relies on CAFA. Rather, she relies only on the general diversity statute.

For purposes of the general diversity statute, an LLC is a citizen "of every state of which any member is a citizen." *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). Thus, "a court can't tell where an LLC is a citizen without knowing where its members are citizens." *Calchi v. TopCo Assocs., LLC*, 676 F. Supp. 3d 604, 607 (N.D. Ill. 2023). Here, the record contains no indication

3

of IBJI's member's identity or citizenship. If any member is a citizen of the same state as Phelps,[2] then complete diversity between the parties does not exist.

Accordingly, the court dismisses the complaint for lack of jurisdiction. The court does not reach other jurisdictional issues, such as Phelps's citizenship, the amount-in-controversy requirement, and Article III standing.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss, [14], is granted. The complaint, [1], is dismissed without prejudice for lack of subject-matter jurisdiction. The argument scheduled for September 10, 2025, [22], is stricken. Plaintiff is given until September 19, 2025, to file a motion for leave to amend, if she wishes to do so and believes she can do so consistent with this opinion and Rule 11. A copy of the proposed amended complaint indicating what changes the amended complaint makes to the original complaint must be attached to the motion. If no motion is filed by September 19, 2025, the court will enter final judgment and terminate the case. If plaintiff files a motion for leave to amend, defendant's response will be due October 10, 2025, and plaintiff's reply will be due October 24, 2025.

Dated: August 20, 2025                    /s/ Martha M. Pacold

---

[2] The complaint alleges that Phelps "is a natural person and a citizen of Tennessee with a residence in Davidson County, Tennessee." [1] ¶ 7. The court need not decide at this juncture whether this allegation sufficiently establishes that Phelps is a citizen of Tennessee.